IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEVITON MANUFACTURING CO., INC.,

    Plaintiff,

vs.                                                                                      No. CIV 04-0424 JB/LFG

NICOR, INC., d/b/a NICOR LIGHTING & FANS,

    Defendant,

and

ZHEJIANG DONGZHENG ELECTRICAL CO.,

    Defendant/Intervenor.

LEVITON MANUFACTURING COMPANY, INC.,

    Plaintiff,

vs.                                                                                     No. CIV 04-1295 JB/ACT

HARBOR FREIGHT TOOLS USA, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Emil J. Kiehne's facsimile transmission to the Court of December 16, 2005, filed January 5, 2006 (Doc. 202). The Court held a hearing on Plaintiff Leviton Manufacturing Co., Inc.'s requests on January 5, 2006. The primary issue is what the Court should do given that Leviton has shown the Court documents that Leviton requested but Defendant Zhejiang Dongzheng Electrical Co., Ltd. did not produce. Because the Court is concerned that Dongzheng has not accounted for documents that at one time were in its files, the Court will order

Dongzheng to produce all responsive documents, require Dongzheng to account for all the documents that Leviton has shown the Court, require Dongzheng to make its computers available for inspection, and require Dongzheng to provide Leviton with an authorization for production of Dongzheng's email communications with its customers.

**PROCEDURAL BACKGROUND**

On November 21, 2005, the Court held a hearing on several Motions to Compel Further Responses in Discovery.  See generally Transcript of Hearing (taken November 21, 2005).[1]  At the hearing, Leviton repeatedly asked the Court to compel information from Dongzheng; Dongzheng's counsel repeatedly represented that his client had produced all the information requested and that his client's representations were accurate.  See id. at 10:13-23:5.  Specifically, with regard to such documentation as emails and other correspondence, invoices, orders, and shipping documents, Bryan Harrison represented to the Court that he had produced all such documents and that there are no more such documents available.  See id.

Although Leviton expressed its suspicions and fears that Dongzheng was not being forthcoming, the Court repeatedly stated that it could not compel what did not exist or force Dongzheng to turn over anything further when Dongzheng represented that it had already produced all responsive information.  See id.  In response to Leviton's concerns, however, the Court suggested that Leviton provide Mr. Harrison with copies of documents and information that show that the information from Dongzheng to Mr. Harrison was incorrect.  See id. at 20:6-12, 22:7-16.

Following up on the hearing and upon the Court's suggestion, Leviton's counsel, Mr.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Magidoff, wrote Mr. Harrison, and provided Mr. Harrison with copies of documents and information that Leviton contends show that the information from Dongzheng does not reflect the true state of affairs. See Letter from Barry G. Magidoff to Bryan G. Harrison at 1 (executed December 15, 2005). Leviton asserted that the information enclosed in the letter shows either that Dongzheng was not candid with Mr. Harrison in stating that all responsive documents have been produced or that, contrary to the rules under which litigation is carried out in the United States, Dongzheng has destroyed documents, including those which came into being after commencement of litigation. See id.

Leviton forwarded to Mr. Harrison two categories of documents. First, Leviton forwarded to Mr. Harrison copies of 108 pages of emailed documents produced by the other parties to this action, i.e., Nicor, Harbor Freight and Central Purchasing, which are Dongzheng's customers. See id. These documents show emails sent to and received from Dongzheng during the period from 2004 up to the present, including dates after the commencement of these cases. See id. at 1-2. Leviton charges that Mr. Harrison's representations on behalf of his client do not represent reality. See id. at 2.

Second, Leviton forwarded copies of invoices from, or purchase orders to, Dongzheng from Central Purchasing or Nicor, produced in this litigation. See id. Again, Dongzheng did not produce these documents. See id.

Leviton represents that it also has other invoices or purchase orders, from other cases, that Dongzheng has not provided. See id. Court protective orders restrict their disclosure. See id. So that Dongzheng does not allege surprise at a later date, Leviton represents that it has additional emails and invoices produced, under a protective order, from other customers of Dongzheng that it also

expects to receive from Dongzheng, along with others that Leviton may not have.  See id.

Leviton argues that, because Dongzheng has not produced any summary of sales, nor a customer list, nor a complete set of purchase orders, invoices, or other ground fault circuit interrupter ("GFCI") transaction documents, Leviton has no way to determine Dongzheng's total sales, and thus no way to obtain a clear measure of damages in the event of liability.  See id.  Leviton demands that Mr. Harrison obtain from Dongzheng, and produce to Leviton, all emails and sales related documents, and any other responsive documents that are in Dongzheng's files.  See id.

Mr. Harrison stated his understanding, to Leviton, that his client has had very few communications by email and that such communications are through the equivalent of a "Hot Mail" website, and thus could not be retained.  See id.  In response, Leviton forwarded, with Mr. Magidoff's letter, copies of several pages from the Dongzheng website, i.e., DOZG.COM, which invites prospective customers to contact them by email, i.e., "Email:eva@dozg.com."  See id.  It thus appears that Dongzheng does not work solely, if at all, with a "hotmail" system, but rather, since at least August 2004, operated its own website, i.e., www.dozg.com, to which emails were sent.  See id.  Leviton forwarded to Mr. Harrison many emails sent to that address, dated after Dongzheng's intervention in this litigation.  See id.  Leviton contends that, after that date, Dongzheng should not have deleted any emails nor in any other way destroyed correspondence, sales documents, or any other communications or other relevant documents.  See id.

Furthermore, Leviton asserts that the DOZG.COM website also shows that Mr. Harrison's representation to the Court – that Dongzheng makes and sells only GFCIs – is contrary to the facts. See id.  The Dongzheng website indicates that it sells several products other than GFCIs.  See id. These other products include "Plug/socket/terminal box," "Instrument and apparatus," "Circuit

breaket [sic]," "contractor," "Cover/Wall switch," "Dimmer," "Straight Blade Power Receptacles," and "Datacom Wall Plates." See id.

In view of Dongzheng's failure to produce documents in accordance with the Federal Rules of Civil Procedure, Leviton demands the opportunity to inspect, and have its experts examine, the computers at Dongzheng's location used for such communications. See id. at 2-3. Leviton also demands the opportunity to request such copies from Dongzheng's email service company, to the extent that they may be recoverable from that source. See id. at 3. Leviton argues that, otherwise, it cannot be certain of the completeness of Dongzheng's production. See id.

In Mr. Magidoff's letter to Mr. Harrison, Mr. Magidoff states that, if Leviton does not have Dongzheng's response to the letter by December 20, 2005, Leviton would approach the Court regarding the alleged misinformation provided to Mr. Harrison by Dongzheng and the alleged resulting misrepresentation by Mr. Harrison to the Court. See id. Mr. Magidoff sent a copy of the letter, without enclosures, to the Court.

Mr. Kiehne's facsimile transmission to the Court attaches a copy of Mr. Magidoff's letter to Mr. Harrison. Mr. Kiehne copied his letter to counsel for the other defendants.

On December 19, 2005, Mr. Harrison responded to Mr. Magidoff via letter. Mr. Harrison states that the deadline for a response of December 20, 2005 was too short – only three business days – to provide a complete answer. See Letter from Bryan G. Harrison to Barry M. Magidoff at 1 (executed December 19, 2005)(Doc. 203). Also, Mr. Harrison reports that he only received three pages of the 108 pages of documents that Leviton represented it sent to Dongzheng's lawyers. See id. Mr. Harrison represents that Dongzheng has located and intends to produce "a substantial amount of documents, including emails, as part of [its] discovery supplementation." Id.

Mr. Harrison sent a second letter to Mr. Magidoff on December 28, 2005. Mr. Harrison demands the complete set of attachments to Mr. Magidoff's December 15th letter. See Letter from Bryan G. Harrison to Barry M. Magidoff at 1 (executed December 28, 2005)(Doc. 204). Mr. Harrison reiterates that Dongzheng's lawyers would investigate the issues raised in Mr. Magidoff's letter, and that they had located responsive documents that would be included in Dongzheng's supplemental production. See id. Finally, Mr. Harrison states that it would be premature to hold a hearing before January 20, 2006 – the deadline for supplementation of discovery responses – because the parties will not know until then what is included in the supplemental production. See id. at 1-2.

## ANALYSIS

Dongzheng has not offered an excuse for not producing documents that exist. Consequently, Dongzheng shall produce all emails and sales related documents, including purchase orders and invoices, and any other responsive documents in its files, within ten days of the entry of this order. The documents will be designated counsel's eyes only while they remain in China. After the parties have the documents in the United States, they can discuss the appropriate category of protection; if they cannot agree, they are free to approach the Court for a resolution. Furthermore, Dongzheng shall have an officer of the corporation execute a declaration under penalty of perjury setting forth precisely why it did not produce the documents that Leviton has forwarded to it with Mr. Magidoff's letter. Dongzheng shall file the declaration within ten days of the entry of this order.

Dongzheng shall also provide Leviton an opportunity to inspect, and have its experts examine, the computers at Dongzheng's location for communications with its customers to determine how the communications to clients go out. Dongzheng shall make a good faith effort to reach an agreement with Leviton, within ten days of the entry of this order, on a mutually convenient time for inspection.

Dongzheng shall also provide Leviton with an authorization to Dongzheng's email service company to produce to Leviton all of Dongzheng's communication with its customers. Dongzheng shall provide this authorization within ten days of the entry of this order.

**IT IS ORDERED** that Dongzheng shall produce all emails and sales related documents, including purchase orders and invoices, and any other responsive documents in its files, within ten days of the entry of this order. The documents will be designated counsel's eyes only while they remain in China. After the parties have the documents in the United States, they can discuss the appropriate category of protection; if they cannot agree, they are free to approach the Court for a resolution. Furthermore, Dongzheng shall have an officer of the corporation execute a declaration under penalty of perjury setting forth precisely why it did not produce the documents that Leviton has forwarded to it with Mr. Magidoff's letter. Dongzheng shall file the declaration within ten days of the entry of this order.

Dongzheng shall also provide Leviton an opportunity to inspect, and have its experts examine, the computers at Dongzheng's location for communications with its customers to determine how the communications to clients go out. Dongzheng shall make a good faith effort to reach an agreement with Leviton, within ten days of the entry of this order, on a mutually convenient time for inspection. Dongzheng shall also provide Leviton with an authorization to Dongzheng's email service company to produce to Leviton all of Dongzheng's communication with its customers. Dongzheng shall provide this authorization within ten days of the entry of this order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Emil J. Kiehne
R.E. Thompson
Jason T. Gaskill
Modrall, Sperling, Roehl, Harris
  & Sisk, P.A.
Albuquerque, New Mexico

-- and –

Paul J. Sutton
Barry G. Magidoff
Joseph M. Manak
Brad S. Needleman
Joseph G. Lee
Deepro R. Mukerjee
Michael A. Nicodema
Christopher B. Prescott
Berry J. Schindler
Greenberg Traurig, LLP
New York, New York

> *Attorneys for Plaintiff Leviton Manufacturing*
> *Company, Inc.*

J. Douglas Foster
Foster, Johnson, McDonald, Lucero, Koinis, LLP
Albuquerque, New Mexico

– and –

Alberto A. Leon
Bauman Dow & Leon PC
Albuquerque, New Mexico

> *Attorneys for Defendant Nicor, Inc.*

J. Douglas Foster
Foster, Johnson, McDonald, Lucero, Koinis, LLP
Albuquerque, New Mexico

– and –

Bryan G. Harrison
John P. Fry
David A. Rabin
Tingkang Xia
Morris, Manning & Martin, LLP
Atlanta, Georgia

>*Attorneys for Defendant Zhejiang Dongzheng*
>   *Electrical Co., Ltd.*

Kenneth M. Bernstein
Michael P. Kenney
Mark J. Rosenberg
Amster Rothstein & Ebenstein
New York City, New York

– and --

DeWitt M. Morgan
Rodey, Dickason, Sloan, Akin & Robb
Albuquerque, New Mexico

>*Attorneys for Defendant Harbor Freight Tools USA, Inc.*