**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LEVITON MANUFACTURING CO., INC.,

    Plaintiff,

vs.                                                                                                              No. CIV 04-0424 JB/LFG

NICOR, INC., d/b/a NICOR LIGHTING & FANS,

    Defendant,

and

ZHEJIANG DONGZHENG ELECTRICAL CO.,

    Defendant/Intervenor.

LEVITON MANUFACTURING COMPANY, INC.,

    Plaintiff,

vs.                                                                                         No. CIV 04-1295 JB/ACT

HARBOR FREIGHT TOOLS USA, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on: (i) Leviton Manufacturing Co., Inc.'s Motion to Compel Discovery Responses from Defendant Harbor Freight Tools USA, Inc., filed August 23, 2005 (Doc. 156); and (ii) Harbor Freight Tools USA, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion to Compel and in Support of its Cross Motion for Sanctions and to Compel Deposition of Harold Leviton, filed September 9, 2005 (Doc. 160). The Court held a hearing on these motions on November 21, 2005. At that time it became apparent that the parties had

satisfactorily resolved most of the issues raised in their respective filings independent of the Court, including what to do with regard to deposing Harold Leviton. The primary issues remaining are: (i) whether Harbor Freight must produce information concerning manufacturers other than Dongzheng; (ii) whether Harbor Freight must turn over a notebook pertaining to a China trip; (iii) whether Harbor Freight must provide market research materials; (iv) whether Harbor Freight must hand over documents pertaining to Central Purchasing and make Benjamin Kirk available to testify about them; and (v) whether Leviton should be sanctioned for bringing its motion to compel in bad faith. Because the Court believes that Leviton's requests for the information in question are appropriate, the Court will order Harbor Freight to produce the materials, subject to certain limitations, and will not sanction Leviton.

## FACTUAL BACKGROUND

**I.      PARTIES**.

Leviton is the owner of U.S. Patent No. 6,246,558 (the "'558 Patent"), which covers ground fault circuit interrupter ("GFCI") technology. Dongzheng is a Chinese corporation that manufactures, designs, uses, and sells, for importation into the United States, GFCI products that Leviton contends infringe Leviton's '558 Patent. Harbor Freight is a Florida corporation, and a customer of Dongzheng, which purchases GFCIs that Dongzheng manufacturers. Harbor Freight sells the allegedly infringing products in New Mexico and through its stores in the United States.

Harbor Freight is a retailer of value-priced power tools, hand tools, air tools, and related products and accessories, offering approximately 4,800 items. Using the HARBOR FREIGHT TOOLS name under license from non-party Central Purchasing, Harbor Freight operates Harbor Freight Tools retail stores, which are located primarily in the mid-western, southern, and eastern

United States. Harbor Freight does not sell products over the Internet or by mail order catalog. See Declaration of Benjamin Kirk, ¶ 4, at 2 (executed Sept. 8, 2005).

Harbor Freight purchases all of the products it sells from Central Purchasing, including those at issue in this suit, at a mark-up of one percent over Central Purchasing's landed cost for these products. Landed costs are the total amount Central Purchasing pays for goods, and include duty and transportation fees. Because Harbor Freight purchases all of its inventory from Central Purchasing, it does not import products from overseas. See id. ¶ 5, at 2.

## II.     GFCIs.

GFCIs are among the many products that Harbor Freight offers for sale. Harbor Freight sells two models of GFCIs, which are known as Item Nos. 43756 and 91293. Other than their colors, these two products are identical. See id. ¶ 7, at 3. Harbor Freight began selling Item No. 91293 in May 2005. See id. The GFCIs presently sold by Harbor Freight are all manufactured by Dongzheng. In the past, Harbor Freight may have purchased GFCIs from Central Purchasing that the Yuequing Huameil Electronic Company manufactured. Harbor Freight has never sold GFCIs that Shanghai Meihao or Shanghai ELE manufactured. See id.

## PROCEDURAL BACKGROUND

The central allegation in Leviton's Complaint is that Harbor Freight "is infringing Claim 3 of the '558 Patent by having made, using, offering to sell, and/or inducing same in this Judicial District and/or elsewhere, GFCI products, manufactured by a Chinese manufacturer without authorization from the plaintiff, which embody the patented invention." Complaint ¶ 8, at 2. The only products that are subject to Leviton's infringement claim are the GFCIs that Harbor Freight, now or at any time during the relevant limitations period, has had made, used, or offered to sell.

Leviton served the First Set of Interrogatories to Harbor Freight, dated October 7, 2004, and the First Set of Requests for the Production of Documents to Harbor Freight, dated October 7, 2004. Leviton has – in both interrogatories and document requests – asked that Harbor Freight provide information relevant to the prosecution of this action. Among other things, Leviton has asked Harbor Freight: (i) to produce documents related to sales and marketing of GFCIs; (ii) to produce documents concerning Harbor Freight's knowledge of and research related to the '558 patent; and (iii) to produce documents concerning Harbor Freight's relationships with other entities that may have infringed Leviton's patents.

In response, Harbor Freight has raised objections and refused to fully respond to Leviton's discovery requests. In addition, Harbor Freight has asserted that the attorney-client privilege and the attorney work-product doctrine protects much of the requested information and documents from discovery. Harbor Freight has not, however, produced a privilege log.

Leviton issued Harbor Freight interrogatories pursuant to rule 33 of the Federal Rules of Civil Procedure, seeking the identification of witnesses and documents concerning the following general subject areas:

> **Interrogatories concerning all marketing activities, sales, and profits**: Leviton sought the identification of witnesses and model numbers concerning each model of GFCI imported and/or resold by Harbor Freight, the number of units sold, and the resulting profit. See Interrogatory Nos. 1-2.
>
> **Interrogatories regarding investigation of Harbor Freight's products vis-a-vis the Patent-in-Suit**: Leviton sought identification of witnesses and documents concerning any investigations and/or studies, other than by counsel, of Harbor Freight's products vis-a-vis the Patent-in-Suit. See Interrogatory No. 3-5.

> **Interrogatories regarding Harbor Freight's assessment of infringement and/or the validity of the Patent-in-Suit**: Leviton sought the identification of witnesses and documents regarding Harbor Freight's assessment of infringement and/or the validity of the Patent-in-Suit. See Interrogatory Nos. 6-9.
>
> **Interrogatories regarding Harbor Freight's relationships with other Manufacturers of related GFCIs**: Leviton sought identification of relations and communications between GFCI manufacturers and Harbor Freight, which should include all agreements and other communications. See Interrogatory No. 10.
>
> **Interrogatories regarding Harbor Freight's facilities for testing GFCIs**: Leviton sought the identification of witnesses and facts regarding the facilities at which Harbor Freight has manufactured and/or designed infringing GFCI products. See Interrogatory Nos. 11-15.
>
> **Interrogatory regarding Harbor Freight's intention as to relying on opinion(s) or advice of counsel in defense to Leviton's claim of willful infringement**: Leviton sought a reply from Harbor Freight whether it intends to exercise the option to use the counsel opinion defense. See Interrogatory No. 16.

Memorandum in Support of Leviton Manufacturing Co., Inc.'s Motion to Compel Discovery Responses From Harbor Freight Tools USA, Inc., at 3.

In its document requests, Leviton sought the production of all documents relevant to the interrogatories and relevant subject areas, including, without limitation, all documents relating to Harbor Freight's GFCI products, sales, profit, marketing, promotion, shipping, and delivery.

Leviton issued Harbor Freight document requests pursuant to rule 34, seeking identification of witnesses and documents concerning the following general subject areas: the corporate structures, finances, sales, and relationships of and between Harbor Freight, Central Purchasing, and other entities, including, but not limited to, Nicor, Van-Sheen, Yatai, or HML (hereinafter the "Related Companies"); the relationships, agreements, and other communications between, people related to,

and sales to, Harbor Freight, Central Purchasing, the Related Companies, and any customers thereof, all as related to GFCIs; Harbor Freight's, Central Purchasing's, and the Related Companies' knowledge of and research related to the '558 Patent; knowledge, investigations, and/or, studies conducted by Harbor Freight, Central Purchasing, and/or the Related Companies as to the '558 Patent; GFCI models manufactured or sold by Harbor Freight, Central Purchasing, and the Related Companies, including the design, development, manufacture, purchase, importation, sales, and marketing thereof, as well as related financials, structure, and operation; and its interrogatories. See Document Request Nos. 1-38.

Harbor Freight's objections to these requests include the phrases "lack of particularity," "overly broad," "entirely duplicative," and "unduly burdensome," as well as objections regarding relevancy.

Leviton has made multiple attempts to confer with Harbor Freight to secure the full and complete disclosure of information without the Court's intervention. Several meet-and-confer sessions between Leviton and Harbor Freight were attempted to resolve the issues of discovery. Those attempts were unsuccessful, necessitating this motion.

Leviton moves the Court, pursuant to rule 37(a) and D.N.M. LR-CV 37.1, for an order compelling Harbor Freight to respond fully to Leviton's discovery requests. Leviton states that all of these requests are directed at obtaining information relevant to liability, damages, or both, and seeks an order compelling Harbor Freight to completely and truthfully answer the two discovery requests.

In March 2005, Leviton took the deposition of Benjamin Kirk, the Vice President of Merchandising for both Harbor Freight and Central Purchasing. Kirk was designated in his personal

capacity as Harbor Freight's designated witness on all topics in Leviton's rule 30(b)(6) notice and as the witness designated in response to Leviton's deposition subpoena to Central Purchasing. During Kirk's deposition, Leviton's counsel spent a considerable amount of time inquiring about the relationship between Harbor Freight and Central Purchasing, their respective corporate structures, and manufacturers of GFCIs that neither Harbor Freight nor Central Purchasing have ever purchased or sold. Leviton spent a relatively small amount of time inquiring about Harbor Freight's and Central Purchasing's respective GFCI businesses or obtaining detailed explanations of many of the documents produced in this action.

Fact discovery closed on June 26, 2005. Because Harbor Freight and Central Purchasing both continue to purchase and sell GFCIs, they, in accordance with rule 26(e), have supplemented their respective document productions with documents concerning recent sales and produced recently located documents. These supplemental productions took place in July and September 2005. Harbor Freight represents that, as a result of these productions and supplementations, it and Central Purchasing have produced all non-privileged documents in its possession, custody, and control concerning the GFCIs that Harbor Freight purchases and sells – the only products at issue in this action. See Declaration of Friedman, ¶¶ 3-4, at 1-2 (executed Sept. 9, 2005). Harbor Freight represents that it has repeatedly advised Leviton's attorneys that it has made this production. To the best of Harbor Freight's knowledge, it is not in possession, custody, or control of documents concerning GFCIs manufactured or distributed by Nicor, Van-Sheen, Yatai, or HML.

## LAW REGARDING DISCOVERY

Rule 26 allows a party to obtain discovery of any matter, not privileged, that is relevant to the claims or defenses of any party in the litigation. The rules pertaining to discovery are to be liberally

construed. See Harris v. Nelson, 394 U.S. 286, 297 (1969)(stating that "[t]his rule has been generously construed to provide a great deal of latitude for discovery."); Hickman v. Taylor, 329 U.S. 495, 507 (1947). A motion to compel is addressed to the district court's discretion, see Cummings v. General Motors Corporation, 365 F.3d 944, 952 (10th Cir. 2004), and the district court should grant the motion if the information sought is relevant or is reasonably calculated to lead to relevant, admissible information. See Caldwell v. Life Ins. Co. of N. Am., 165 F.R.D. 633, 638 (D. Kan. 1996); Smith v. MCI Telecomms. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991); Snowden v. Connaught Labs., Inc., 137 F.R.D. 336, 342 (D. Kan. 1991).

For objections to discovery to stand, the objector "must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Oleson v. Kmart Corp., 175 F.R.D. 560, 565 (D. Kan. 1997).

## ANALYSIS

In general, Harbor Freight's objections to the interrogatories and to the document requests repeat each other and are not supported by facts. See Harbor Freight Tools USA, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion to Compel and In Support of its Cross Motion for Sanctions and to Compel Deposition of Harold Leviton. Harbor Freight's objections lack supporting rationale, making it difficult for the Court to sustain them. Harbor Freight does not substantiate its assertions of attorney-client privilege and work-product doctrine. Harbor Freight has not provided the substantial showing needed to support its objections, and Harbor Freight has not properly responded to Leviton's discovery requests. The Court will order Harbor Freight to provide complete and truthful responses to the interrogatories and document requests that were in question at the time of the hearing and to produce responsive documents.

## I.  LEVITON HAS REQUESTED THAT HARBOR FREIGHT PROVIDE INFORMATION RELEVANT TO THE PROSECUTION OF THIS ACTION.

Analysis of Harbor Freight's objections shows that the objections lack basis.  Harbor Freight has not fully responded to Leviton's interrogatories.  Harbor Freight must provide complete and truthful responses to Leviton's interrogatories.

> **INTERROGATORY NO. 10 (COMMUNICATIONS WITH GFCI MANUFACTURERS)**.
>
> Identify all communications between or among Harbor Freight and any persons acting on its behalf and any of its affiliates and/or predecessors-in-interest involved in business concerning GFCIs, including without limitation Van-Sheen Electric Appliance Co. Ltd and/or Van-Sheen Electric Appliance Co. Ltd. d/b/a Yatai Switch Factory, and/or Zhejiang Dongzheng Electrical Company ("Dongzheng") and/or Shanghai Meihao Electric, Inc. ("Shanghai") and/or any other GFCI manufacturer located in China concerning GFCIs.
>
> **RESPONSE TO INTERROGATORY NO. 10**:
>
> Harbor Freight objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information which is not relevant to the parties' respective claims and defenses. Notwithstanding the foregoing objections and subject to them, pursuant to Fed. R. Civ. P. 33(d), Harbor Freight will produce its correspondence and communications with DOZG upon the entry of an appropriate protective order.

The response is incomplete and insufficient.  All communications between Harbor Freight and its manufacturers, purchasers, predecessors-in-interest, or affiliates, regarding present and past infringing GFCIs are relevant to this proceeding.  Harbor Freight's conclusory assertion that this interrogatory is not relevant lacks a basis.  Harbor Freight has not alleged or established any basis for withholding responsive information and documents.

All the companies listed in the interrogatory are known or believed to be manufacturers or

resellers who are somehow related to each other and engage in the business of marketing allegedly infringing GFCIs. Further, Leviton believes Van-Sheen and Yatai to be predecessors-in-interest to HML who, in turn, Leviton believes is the predecessor-in-interest to Dongzheng. As a group, these companies have engaged in a continuous effort of reverse-engineering, manufacturing, marketing, and selling infringing GFCIs. All such activities infringe upon the valid United States patents that Leviton holds, including the '558 Patent. As such, the discovery of such activities and relationships may lead to relevant and admissible evidence.

Under Federal Rule of Evidence 404(b), such evidence may be admissible to show motive, preparation, plan, knowledge, absence of mistake, or accident, all of which are relevant to proving intentional copying and willful infringement. See Menley & James Labs., Ltd. v. Approved Pharm. Corp., 438 F.Supp. 1061, 1067 (N.D.N.Y. 1977)(ruling that the defendant's prior infringing activities were admissible for evidence of plan or scheme). Leviton is therefore entitled to such discovery. Few communications between Harbor Freight and these other companies have been produced. The topics that Interrogatory No. 10 identifies are relevant, and the Court will compel Harbor Freight to provide information concerning manufacturers other than Dongzheng that relates to the patent at issue. Moreover, to the extent its agents carried out such sales, Harbor Freight must obtain from them information that reflects such activities.

## II. HARBOR FREIGHT MUST PROVIDE COMPLETE RESPONSES TO LEVITON'S DOCUMENT REQUESTS.

Leviton's document requests are carefully tailored. Harbor Freight has not made a full production of documents.

For the same reasons that Harbor Freight's responses to Interrogatory No. 10 are insufficient,

Harbor Freight's responses to the document requests are insufficient. Documents regarding such relationships and communications are relevant. To the extent Harbor Freight has in its possession, custody, or control documents that refer, relate, or belong to Central Purchasing or the Related Companies, and which relate to the subject matter of this litigation as well to the interrogatories, Harbor Freight must produce such documents. See Chudasama v. Mazda Motor Corp., 1995 WL 641984, 20 (M.D. Ga. June 26, 1995), vacated on other grounds (citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)). The Court will compel Harbor Freight to fully produce all documents corresponding to the document requests.

Specifically, Harbor Freight is required to produce those portions of the China trip notebook that regard GFCIs. Harbor Freight is also required to turn over the requested market research, including the market research that was done leading up to the first purchases of GFCIs in 2000 and the post-2000 catalogs that reflect GFCI marketing, to the extent that it can be located. Harbor Freight produced the readily identifiable documents constituting Central Purchasing's marketing GFCIs in July. Harbor Freight is further required to provide documents pertaining to Central Purchasing that discuss the patent-in-suit, for attorneys' eyes only. In addition, Harbor Freight must make Mr. Kirk available to be deposed again with respect to any documents pertaining to Central Purchasing that discuss the patent at issue.

These documents are relevant to the issues of infringement and damages. Leviton is entitled to the production of all these documents. The Court will compel Harbor Freight to proceed accordingly. Because Leviton has no way to verify either the propriety or completeness of Harbor Freight's responses, the Court will also compel Harbor Freight to produce a complete privilege log.

**III.   THE COURT WILL NOT SANCTION LEVITON**.

Harbor Freight contends that Leviton's motion to compel discovery from Harbor Freight is another example of Leviton's use of abusive litigation tactics to harass and drive up the attorneys fees of companies that Leviton views as competitive threats. Harbor Freight argues that Leviton brought its motion in bad faith, seeking to compel the production of documents and information that Harbor Freight produced months ago, the production of documents that Leviton knows do not exist, the depositions of non-party witnesses whom Leviton did not subpoena, and the production of documents that Leviton admits are not relevant to the parties' respective claims and defenses. For these reasons, Harbor Freight argues that the Court should not only deny this motion, but also that the Court should sanction Leviton for bringing this allegedly vexatious and otherwise unjustified motion.

The Court will not sanction Leviton. Based upon Harbor Freight's responses to Leviton's discovery requests, the Court believes that Leviton acted appropriately in bringing this motion.

**IT IS ORDERED** that, consistent with this memorandum opinion and the Court's rulings at the hearing on this motion, and for the reasons provided in both, Leviton Manufacturing Co., Inc.'s Motion to Compel Discovery Responses from Harbor Freight Tools USA, Inc. is granted in part and denied in part. The Court compels Harbor Freight to produce: (i) information concerning manufacturers other than Dongzheng that relates to the patent-in-suit; (ii) anything in the "China Notebook" regarding GFCIs; (iii) the requested market research to the extent that it can be located; and (iv) for attorneys' viewing only, documents pertaining to Central Purchasing that discuss the patent at issue. Further, Harbor Freight must make Mr. Kirk available to testify with respect to documents pertaining to Central Purchasing that discuss the patent-in-suit. Additionally, Harbor Freight will provide a complete privilege log identifying: (i) bates number(s); (ii) the request(s) for

production or interrogatories to which each document is responsive; (iii) date of document; (iv) type of document; (v) name of author; (vi) names of all recipients; (vii) subject to or title of the document; and (viii) the privilege or doctrine under which Harbor Freight believes each document to be protected. Finally, the Court will not order sanctions to be imposed upon Leviton for bringing its motion.

                                                                _____
                                                                 UNITED STATES DISTRICT JUDGE

*Counsel*:

Paul J. Sutton
Barry G. Magidoff
Brad S. Needleman
Joseph G. Lee
Deepro R. Mukerjee
Christopher B. Prescott
Greenberg Traurig, LLP
New York, New York

  *– and –*

R.E. Thompson
Donald A. DeCandia
Emil J. Kiehne
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for Plaintiff Leviton Manufacturing Co., Inc.*

Alberto Leon
Bauman, Dow & Leon, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Nicor, Inc.*

Bryan G. Harrison
Morris, Manning & Martin, LLP
Atlanta, Georgia

*– and –*

J. Douglas Foster
Foster Johnson McDonald Lucero Koinis
Albuquerque, New Mexico

> *Attorneys for Defendant/Intervenor Zheijiang Dongzheng Electrical, Co., Ltd.*

DeWitt M. Morgan
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

*– and –*

Antonio F. LoCicero
Kenneth M. Bernstein
Amster Rothstein & Ebenstein
New York, New York

> *Attorneys for Defendant Harbor Freight Tools USA, Inc.*