FILED

IN THE UNITED STATES DISTRICT COURT UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO

JAN 0 5 2007

LEVITON MANUFACTURING CO., INC.,

MATTHEW J. DYKMAN
CLERK

Plaintiff,

vs.                                                          No. CIV 04-0424 JB/RHS

NICOR, INC., d/b/a NICOR LIGHTING & FANS,

Defendant.

and

ZHEJIANG DONGZHENG ELECTRICAL
CO., LTD.

Defendant/Intervenor

and

LEVITON MANUFACTURING CO., INC.,

Plaintiff,

vs.                                                          No. CIV 04-1295 JB/ACT

HARBOR FREIGHT TOOLS USA, INC.,

Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on Intervenor Defendant Zhejiang Dongzheng

Electrical Co., Ltd's Motion to Enjoin Plaintiff from Pursuing Related Actions, filed October 6, 2004

(Doc. 42)("Motion to Enjoin").[1] The Court held a hearing on this motion on January 28, 2005. The

---

[1] In its October 26, 2005 Order disposing of Dongzheng's motion to enjoin, see Order, filed
October 26, 2005 (Doc. 190), the Court included a footnote stating that it would "at a later date issue

primary issue is whether the Court should enjoin the Plaintiff Leviton Manufacturing, Co., Inc. from

filing more lawsuits against purchasers or resellers of Dongzheng's RW-GFCIs.   Because

Dongzheng has not demonstrated a clear and unequivocal right to injunctive relief, the Court will

deny Dongzheng's motion.

## FACTUAL BACKGROUND

Leviton is the owner of U.S. Patent No. 6,246,558 (issued June 12, 2001)("the 558 patent").

See Memorandum of Points and Authorities in Support of Defendant Zhejiang Dongzheng Electrical

Co., Ltd's Motion to Enjoin Plaintiff from Pursuing Related Actions at 2, filed October 6, 2004

(Doc. 43)("Memo in Support"); Memorandum of Points and Authorities Opposing Defendant

Zhejiang Dongzheng Electrical Co, Ltd.'s Motion to Enjoin Plaintiff from Pursuing Related Actions

at 1-2, filed October 25, 2004 (Doc. 48)("Response").   The patent concerns ground fault circuit

interceptors ("GFCI"), which protect people from electrocution by interrupting a circuit when a user

is in danger.  See Response at 2.

Dongzheng is a corporation organized under the laws of the People's Republic of China.  See

id. at 2; Answer and Counterclaim of Intervenor Defendant Zhejiang Dongzheng Electrical Co., Ltd.

¶ 2, at 2, filed April 24, 2004 (Doc. 32)("Answer & Counterclaim").   Dongzheng manufactures a

device known as RW-GFCI.  See Motion in Support at 2; Response at 2.  Defendant Nicor, Inc.

("Nicor"), is one of Dongzheng's customers, and distributes Dongzheng's RW-GFCIs in the State

of New Mexico and elsewhere.  See Motion to Enjoin at 2.  While searching the market for GFCIs

that infringe on the 558 patent, Leviton discovered that Nicor distributes the RW-GFCI device.  See

---

an opinion fully detailing its rationale for [the] decision." This Memorandum Opinion provides the
more complete explanation for its decision that the Court promised.

Response at 2-3.

## PROCEDURAL BACKGROUND

Leviton filed this action initially against only Nicor on April 16, 2004, alleging that Nicor

violated claim 3 of the 558 patent by distributing Dongzheng's products. See Complaint ¶ 8, at 2,

filed April 16, 2004 (Doc. 1).  On August 26, 2004, the Court granted Dongzheng leave to intervene

in this action.  See Order at 1, filed August 26, 2004 (Doc. 33).  In addition to its motion for leave

to intervene, Dongzheng filed a counterclaim seeking a declaratory judgment that Dongzheng's RW-

GFCI devices do not infringe claim 3 of the 558 Patent.  See Answer & Counterclaim at 2, 6.

Attempting to eradicate what it perceives to be infringement of the 558 patent, Leviton has

initiated suits against several other companies who purchase or resell Dongzheng's RW-GFCI.

These suits are as follows: (i) Leviton Mfg. Co., Inc. v. Leen & Assocs. d/b/a The Designers Edge,

No. CV-04-1593, in the United States District Court for the Eastern District of New York (filed on

April 16, 2004); (ii) Leviton Mfg. Co., Inc. v. Safety Plus, Inc., No. CV04-3151, in the United States

District Court for the Central District of California (filed on May 11, 2004); and (iii) Leviton Mfg.

Co., Inc. v. Harbor Freight Tools USA, Inc., No. 04-21290-CIV, in the United States District Court

for the Southern District of Florida (filed on June 1, 2004)(collectively the "Related Actions").[2]  On

September 17, 2004, the United States District Court for the Eastern District of New York granted

Leviton's motion to transfer the Leen action to the Western District of Washington, where a related

infringement action is currently stayed pending resolution of Leviton's claims in a suit against

another GFCI manufacturer.  See Memo in Support at 2 n.3; Response at 3.  Dongzheng represents

that, while the defendant in that case also requested that the Eastern District of New York court stay

---

[2] The complaints for the Related Actions are attached to the Motion to Enjoin as Exhibit A.

this action, the court concluded that the district court in Washington should take up such a motion. <u>See</u> Memo in Support at 2 n.3.

Leviton's claims and actions in the Related Actions are substantially the same as those asserted against Nicor before this Court -- i.e., alleged infringement of claim 3 of the 558 Patent by reason of the defendant's distribution of the Dongzheng RW-GFCI product. <u>See Leviton Mfg. Co., Inc. v. Leen & Associates d/b/a The Designers Edge</u>, Complaint ¶ 11, at 3; <u>Leviton Mfg. Co., Inc. v. Safety Plus, Inc.</u>, Complaint ¶ 9, at 3; <u>Leviton Mfg. Co., Inc. v. Harbor Freight Tools USA, Inc.</u>, Complaint ¶ 8, at 2. Another manufacturer's declaratory judgment action against Leviton is also pending in the United States District Court for the District of Maryland. <u>See Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co., Inc.</u>, Civil Act. No. 03-02137, Complaint, at 1 (the "Maryland Action").[3] The Maryland Action seeks a declaratory judgment that the plaintiff Shanghai Meihao's GFCI devices do not infringe Leviton's patents, including the 558 Patent. <u>See id.</u> ¶¶ 24-27, at 6.

Dongzheng moves to enjoin Leviton from initiating or pursuing later-filed cases against other customers of Dongzheng's for alleged infringement by the same RW-GFCI unit as is involved in this case. <u>See</u> Motion to Enjoin at 1. Defendant Nicor has concurred in the relief requested in Donzheng's motion and consents to this motion. <u>See</u> Memo in Support at 2 n.1.

In effect, the motion requests that the Court enjoin Leviton from: (i) pursuing its claims of infringement of claim 3 of the 558 Patent in the Related Actions; and (ii) initiating similar actions against other customers of Dongzheng. <u>See id.</u> at 1. Dongzheng represents that enjoining these other actions will serve the interests of judicial economy and avoiding inconsistent verdicts. <u>See id.</u> at 3. Dongzheng also argues that an injunction would prevent it from having to intervene in all of

---

[3] The complaint in the Maryland Action is attached to the Motion to Enjoin as Exhibit B.

these other cases. See id. at 6.

Leviton opposes the motion. Leviton points out that the parties in the other cases have not stipulated to be bound by the judgment in this case. See Response at 5. Without such a commitment, Leviton argues that it would still have to win verdicts against the other parties in the Related Cases after prevailing against Dongzheng and Nicor. See id.

Leviton also asserts that an injunction would mean that it would first have to attempt to collect a judgment from Dongzheng before suing any more of Dongzheng's customers, which is a prospect that worries Leviton because of the difficulties it perceives in collecting from a China-based corporation. See id. at 9-10. According to Leviton, this point weighs in the balance of the equities against issuing an injunction. See id.

Dongzheng replies that it is entitled to an injunction because this case is the first one that Leviton filed and that Dongzheng is thus in a different position than a defendant attempting to enjoin an earlier-filed case. See Reply Memorandum of Points and Authorities in Support of Defendant Zhejiang Dongzheng Electrical Co., Ltd.'s Motion to Enjoin Plaintiff from Pursuing Related Actions at 4, filed November 12, 2004 (Doc. 62). Dongzheng also maintains that the balance of equities favors it because a determination in this case could save it and its distributors hundreds of thousands of dollars in defending multiple suits across various jurisdictions. See id. at 7.

At the Court's hearing on this motion on January 28, 2005, Dongzheng informed the Court that the motion now only sought to enjoin Leviton from filing new actions, because the Related Cases have already been stayed pending the resolution of this case. See Transcript of Hearing at 5:8-

14 (taken January 28, 2005)("Transcirpt").[4] Dongzheng explained that the reason those stays were entered is that the defendants in the Related Cases have agreed to be bound by the judgment in this case. See id. at 8:6-8. Dongzheng represented that there was no evidence that Leviton would be unable to collect a judgment against Dongzheng because of Dongzheng's "substantial business interests within the United States." Id. at 6:15-21. Dongzheng suggested that Leviton would be able to collect the accounts receivable from Dongzheng's distributors in the United States if Leviton won a judgment in its favor. See id. at 28:5-10.

Leviton retorted that "it's notoriously well-known that an American company's [ability] to collect a money judgment in China from a Chinese . . . company is almost [impossible]" and that Leviton could not find any assets belonging to Dongzheng in the United States. Id. at 14:18-25. Leviton argued that Dongzheng could not plausibly assert that future suits will involve the same issues as this case, because those future suits do not yet exist. See id. at 15:18-24. According to Leviton, every new patent infringer who emerges in the marketplace makes Leviton's distributors and customers "uneasy." Id. at 17:15-17. Leviton states that the proper procedure is for each court to stay the proceeding in front of it rather than one court enjoining future litigation by one of the parties. See id. at 17:22-18:6. Further, Leviton asserted that, although a judgment against it would be binding in the Related Cases, a judgment in its favor in this case would not bind the other defendants in the Related Cases. See id. at 18:21-19:18. Finally, Leviton stated that it knew of only one other suit it would file in the future. See id. at 16:4-17.

As for which of the typical factors of a preliminary injunction the Court should consider in

---

[4] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

this case, Leviton stated that the one factor that both parties discussed was balancing the equities. See id. at 20:21-21:2.  Similarly, Dongzheng told the Court that it believed that this motion did not fit into the "box" of normal preliminary injunction analysis and that the Court could issue such an injunction after balancing the equities.  See id. at 25:4-10.

## LAW REGARDING PRELIMINARY INJUNCTIONS

Injunctive relief is an "extraordinary remedy" and the movant must demonstrate a "clear and unequivocal right" to have a request granted.  See Greater Yellowstone Coalition v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003).  A court may grant injunctive relief if the moving party establishes:

> (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

Hartford House, Ltd. v. Hallmark Cards, Inc., 846 F.2d 1268, 1270 (10th Cir. 1988)

## LAW REGARDING THE INJUNCTION OF SUITS

Where multiple suits are brought in different fora, but arise out of the same underlying transactions or occurrences, the "first-filed" rule generally applies.  See Cessna Aircraft Co. v. Brown, 348 F.2d 689, 692 (10th Cir. 1965).  See e.g. Dillard v. Merrill Lynch Pierce Fenner & Smith, Inc., 961 F.2d 1148, 1161 (5th Cir. 1992); Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991).  Under the "first-filed" rule, the first suit should have priority, absent special circumstances.  See Cessna Aircraft Co. v. Brown, 348 F.2d at 692 ("The rule is that the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated.").

## ANALYSIS

Dongzheng argues that the Court should enjoin Leviton because allowing Leviton to proceed in other actions or to file additional actions will waste judicial resources, as various separate courts will be forced to adjudicate claims and issues duplicative of Dongzheng's counterclaim and defenses, and will create the risk of inconsistent verdicts without any substantial benefit. Dongzheng argues, furthermore, that Leviton's actions serve to harass Dongzheng's customers when, in reality, the principal dispute is between Dongzheng and Leviton. Dongzheng contends that the interests of judicial economy and avoiding inconsistent verdicts merit this Court's enjoining Leviton from pursuing the Related Actions until resolution of the claims of infringement in this action.

Leviton argues that judicial economy and a balancing of the equities weigh against an injunction, because none of Dongzheng's customers have agreed to be bound by any judgment rendered against Dongzheng. Leviton is concerned that, in the event Leviton secures a judgment against Dongzheng, it will be unable to collect the judgment from Dongzheng because Dongzheng is a Chinese company and Leviton has not identified any of Dongzheng's assets in the United States. Leviton asserts that, if it is unable to collect from Dongzheng, it will need to prove that Dongzheng's customers infringed Leviton's patent to recover damages.

The Court concludes that Dongzheng has not demonstrated a "clear and unequivocal right" to the "extraordinary remedy" it is requesting. See Greater Yellowstone Coalition v. Flowers, 321 F.3d at 1256. Although Dongzheng is legitimately concerned about its customers, Leviton's ability to collect a judgment is a valid concern that weighs against granting injunctive relief. Balancing the interests of the parties, the Court cannot conclude that the threatened injury to Dongzheng outweighs

the potential damage an injunction may cause Leviton. Similarly, based on Leviton's representation that it wants to file one more suit, and, at most, a few others, the Court does not believe there is a serious possibility that Leviton will file many more actions. Thus, the Court does not believe that Dongzheng will suffer irreparable injury absent an injunction. Consistent with Court's October 26, 2005 Order, its ruling at the hearing on this motion, see Transcript at 33:21-24, and the reasons given at the time of the hearing, see id. at 29:17-33:24, the Court will deny Dongzheng's motion to enjoin Leviton.

**IT IS ORDERED** that Defendant Zhejiang Dongzheng Electrical Co., Ltd's Motion to Enjoin Plaintiff from Pursuing Related Actions is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

R.E. Thompson
Jason T. Gaskill
Modrall, Sperling, Roehl, Harris
 & Sisk, P.A.
Albuquerque, New Mexico

-- and --

Paul J. Sutton
Barry G. Magidoff
Joseph M. Manak
Brad S. Needleman
Joseph G. Lee
Greenberg Traurig, LLP
New York, New York

*Attorneys for Plaintiff Leviton Manufacturing*

-9-

*Company, Inc.*

J. Douglas Foster
Foster & Rieder PC
Albuquerque, New Mexico

-- and --

Kerri Lee Peck
Foster, Johnson, McDonald, Lucero, Koinis, LLP
Albuquerque, New Mexico

-- and --

Alberto A. Leon
Bauman Dow & Leon PC
Albuquerque, New Mexico

   *Attorneys for Defendant Nicor, Inc.*

J. Douglas Foster
Foster, Johnson, McDonald, Lucero, Koinis, LLP
Albuquerque, New Mexico

-- and --

David A. Rabin
Bryan G. Harrison
Tingkang Xia
Morris, Manning & Martin, LLP
Atlanta, Georgia

   *Attorneys for Defendant Zhejiang Dongzheng
   Electrical Co., Ltd.*

DeWitt M. Morgan
Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Anthony F. LoCicero
Michael P. Kenney

Amster Rothstein & Ebenstein LLP
New York, New York

-- and --

Mark J Rosenberg
Sills Cummis Epstein & Gross PC
New York, New York

  *Attorneys for Defendant Harbor Freight Tools USA, Inc. And*
  *Non-party Central Purchasing, LLC*