**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 0 8 2007

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEVITON MANUFACTURING CO., INC.,

    Plaintiff,

vs.       No. CIV 04-0424 JB/LFG

NICOR, INC., d/b/a NICOR LIGHTING & FANS,

    Defendant.

and

ZHEJIANG DONGZHENG ELECTRICAL CO.,

    Defendant/Intervenor

and

LEVITON MANUFACTURING CO., INC.,

    Plaintiff,

vs.       No. CIV 04-1295 JB/ACT

HARBOR FREIGHT TOOLS USA, INC.,

    Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on Leviton Manufacturing Co., Inc.'s Motion to Consolidate, filed April 14, 2005 (Doc. 121)("Consolidation Motion").[1] The Court held a hearing

---

[1] In its March 17, 2006 Order disposing of Leviton's consolidation motion, see Order, filed March 17, 2006 (Doc. 217), the Court included a footnote stating that it would "at a later date issue an opinion fully detailing its rationale for [the] decision." This Memorandum Opinion provides the more complete explanation for its decision that the Court promised.

on this motion on September 20, 2005. The primary issue is whether this case should be consolidated with Leviton Manufacturing Co., Inc. v. Zhejiang Dongzheng Electrical Co., Case No. CIV 05-301 JB/DJS (D.N.M.)("Leviton II"). Because the Court believes that different legal and factual issues are involved, and that Leviton has not shown that consolidation will further judicial economy, or avoid unnecessary costs and delay, the Court has denied the motion.

## PROCEDURAL BACKGROUND

This case, "Leviton I," has been pending since April 16, 2004, see Complaint for Patent Infringement, filed April 16, 2004 (Doc. 1), and involves allegations of infringement of a single claim, Claim 3, of U.S. Patent No. 6,246, 558 ("the '558 Patent"), see Leviton Manufacturing Co., Inc.'s Memorandum of Law is Support of Its Motion to Consolidate at 2, filed April 14, 2005 (Doc. 122)("Memo in Support"). The Defendants in Leviton I are Nicor, Inc., Zhejiang Dongzheng Electrical Co., and Harbor Freight Tools USA, Inc. See id. at 1, 3. Leviton did not name Central Purchasing, LLC as a defendant in Leviton I. See id.

The Defendants represent that the Leviton I parties have: exchanged initial disclosures; served and responded to document requests, interrogatories, and requests for admission; exchanged document productions; and conducted a number of depositions. See Defendants' Memorandum of Law in Opposition to Leviton's Motion to Consolidate at 3, filed May 2, 2005 (Doc. 127)("Response"). The Defendants also submit that depositions have been conducted of Nicor, Dongzheng, and Harbor Freight, and depositions of Leviton have been scheduled. See id. The non-expert discovery deadline in Leviton I expired on June 28, 2005. See id. In addition, the Defendants assert that they have had a full and fair opportunity to study the '558 Patent, its prosecution history, and the relevant prior art. See id. Discovery in Leviton I ended on June 28, 2005. See id.

The Defendants contend that Leviton was aware that the U.S. Patent No. 6,865,766 ("the '766 Patent") would issue in October 2004. See id. at 4. On October 19, 2004, the United States Patent Office ("USPO") mailed Leviton a Notice of Allowance stating that the '766 Patent would issue. See id. at 4 .2. On October 29, 2004, Leviton paid the requisite issue fee to obtain the '766 Patent. See id. The Defendants represent that Leviton did not disclose its knowledge of the timing of issuance of the '766 Patent for five months. See id. The Defendants point out that, instead of promptly advising the Court and the parties that the USPO issued the '766 Patent in October, 2004, and adjusting Leviton I's scheduling to take this new patent into account, Leviton proceeded ahead in Leviton I. See id.

On March 29, 2005, the Court conducted a Markman hearing in Leviton I. See Clerk's Minutes, filed March 29, 2005 (Doc. 116). The Defendants submitted that, after the Court issues that ruling, based on the tentative indications that the Court gave at the end of the hearings, they plan to promptly file a motion for summary judgment of non-infringement, which they expect will dispose of Leviton I. See Response at 3-4. The Defendants assert that the issue of the scope and meaning of the asserted claims of the '766 Patent will require the parties' full briefing. See id. at 4.

Leviton II was filed on March 18, 2005, see Complaint For Patent Infringement, filed March 18, 2005 (Doc. 1)("Leviton II Complaint"), and involves allegations of infringement of eighteen different claims of the '766 Patent, see id. 3-8. The Defendants point out that, while Claim 3 of the '558 patent, which is at issue in Leviton I, is written in means-plus-function format, the eighteen claims of the '766 Patent appear to be of a different scope. See Response at 3. They also contend that, with one exception, none of the disputed claim terms at issue in the '558 Patent overlap with the language of the asserted claims in the '766 Patent. See Response at 4. Leviton named Central

Purchasing as a fourth defendant in Leviton II. See Leviton II Complaint.

The Defendants submit that, in Leviton II, with regard to the '766 Patent, the parties have not exchanged initial disclosures, exchanged document productions, or conducted depositions. See Response at 3. The Defendant Harbor Freight's answers and motions in Leviton II, under rule 12 of the Federal Rules of Civil Procedure, were due on June 10, 2005. See id. at 3. The Defendants point out that the Court will need to hold a separate Markman hearing on the '766 Patent in Leviton II in the future. See id. at 4.

Leviton filed a First Amended complaint in Leviton II. See Amended Complaint, filed March 28, 2005 (Doc. 2). Leviton subsequently filed a Second Amended Complaint, seeking to add an assertion of Claim 3 of the '558 Patent against Central Publishing. See Second Amended Complaint, filed April 14, 2005 (Doc. 8).

In a conference with the Court on March 24, 2004, Leviton made an oral motion to consolidate Leviton I with Leviton II. See Hearing Transcript at 22:12-23-7 (Magidoff)(taken March 24, 2004).[2] The Defendants unanimously opposed that oral motion on many of the same grounds that they raise in opposition to this written motion. See id. at 23:12-29:7 (Defendants Attorneys). The Court denied that motion without prejudice to Leviton to re-raise that motion. See id. at 31:3-7.

With this motion, Leviton moves the Court, pursuant to rule 42(a) of the Federal Rules of Civil Procedure, for an order consolidating Leviton II, presently pending before the United States District Court for the District of New Mexico, with this action. See Consolidation Motion at 1-2. Nicor, Dongzheng, and Harbor Freight oppose this motion. See Response at 1.

---

[2] The Court's citations to the transcripts of the hearings refer to the Court Reporter's original, unedited versions. Any final transcripts may contain slightly different page and/or line numbers.

## LAW REGARDING CONSOLIDATION

In Servants of the Paraclete v. Great Am. Ins. Co., 866 F.Supp. 1560 (D.N.M. 1994)(Burciaga, J.), the Honorable Juan G. Burciaga, United States District Judge for the District of New Mexico, articulated the analysis that the court must conduct in determining whether to consolidate under rule 42(a) of the Federal Rules of Civil Procedure. See 866 F.Supp. at 1572. Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). In deciding whether to grant a motion to consolidate, Judge Burciaga held that the court should initially consider whether the two cases involve a common question of law or fact. See Servants of the Paraclete v. Great Am. Ins. Co., 866 F.Supp. at 1572. If there is a common question, Judge Burciaga continued, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. See id.

Where the cases involve the same parties and a newly issued continuation patent, a number of courts have denied consolidation. See Syngenta Seeds, Inc. v. Monsanto Co., No. 02-1331-SLR 2004 U.S. Dist. LEXIS 17821, *3-5 (D.Del. Aug. 27, 2004)(denying motion to consolidate cases involving the same parties and involving one patent that was a newly issued continuation of another, stating: "Adding another patent to the plaintiff's claims will only increase the case's complexity and make it that much harder for a jury to come to a resolution."); Cummins-Allison Corp. v. Glory Ltd., No. 2-03-CV-358, 2004 U.S. Dist. LEXIS 13839, *9 (E.D.Tex. May 26, 2004)(denying motion to

transfer and consolidate cases involving the same parties, holding: "Although the patents are related and might involve the interpretation of identical claim terms, the patents are different patents than those in suit . . . ."); Ameritek, Inc. v. Carolina Lasercut Corp., 891 F.Supp. 254, 255-56 (M.D.N.C. 1994)(denying motion to amend complaint to add newly issued continuation patent, because new patent contained twenty-seven different claims and substantial additional discovery would be necessary to contest validity).

## ANALYSIS

Leviton bears the burden of proof on this motion. See Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978)(stating that it is the moving party's "burden to establish that consolidation would promote trial convenience and economy in administration"); Servants of the Paraclete v. Great Am. Ins. Co., 866 F.Supp. at 1572 ("The party moving for consolidation bears the burden of proving that consolidation is desirable."). The Court finds that Leviton has not met its burden. Here, as in Servants of the Paraclete v. Great Am. Ins. Co., there are a number of factors weighing against consolidation, and thus the Court will exercise its discretion to again deny Leviton's request to consolidate.

### I. LEVITON I AND LEVITON II INVOLVE DIFFERENT PATENTS HAVING DIFFERENT CLAIMS.

The Court believes that the patents at issue in Leviton I and Leviton II are different and that, as such, separate claim constructions, separate proofs of infringement by Leviton, and separate and distinct determinations of validity are required.

With respect to whether the same parties are present in both cases, Leviton contends that Central Purchasing and Harbor Freight are related, see Memo in Support at 2 n.1, while the

Defendants contend that Central Publishing, a California limited liability company, and Harbor Freight, a Delaware corporation, are separate and independent companies having separate businesses with different ownerships, see Response at 4.

With regard to the Second Amended Complaint filed in Leviton II, the Court was concerned that Leviton filed the Second Amended Complaint as an end-run around Leviton's missed deadline to add new parties in Leviton I. Furthermore, in filing the Second Amended Complaint in Leviton II, Leviton appeared to have violated rule 15(a) of the Federal Rules of Civil Procedure; it appeared that Leviton did not obtain leave of the Court or written consent from the Defendants to amend. See Fed. R. Civ. P. 15(a). The Defendants filed a motion in Leviton II to strike the Second Amended Complaint. See Defendants' Motion to Strike Leviton's Second Amended Complaint, filed May 2, 2005 (Doc. 12). Subsequently, Leviton filed a motion for leave to file its Second Amended Complaint. See Leviton's Motion For Leave to File Second Amended Complaint, filed May 5, 2005 (Doc. 14). The Court, despite its earlier concerns, granted Leviton's motion for leave. See Order, March 17, 2006 (Doc. 87).

The Court believes that, if Leviton was interested in asserting the '558 and '766 Patents together, it could have, in October 2004, sought a temporary stay of Leviton I or sought, in some other fashion, to coordinate discovery concerning the two patents with the Court's approval. Leviton did not do either. Rather, Leviton now effectively seeks to accelerate its assertions of the '766 Patent in Leviton II by consolidating them with its assertions of the '558 Patent in Leviton I.

## II. THE PRINCIPAL LEGAL AND FACTUAL QUESTIONS ARE DIFFERENT IN LEVITON I AND LEVITON II.

The respective principal legal and factual questions in Leviton I and Leviton II are different. The principal issues in the two cases are whether the '558 and '766 Patents are invalid and/or infringed. Both of these issues are dependant upon the scope of the claims contained within the patents.

While the scope of Claim 3 of the '558 Patent will soon be known when the Court issues a Markman ruling, it will be some months before the Court will determine the scope of the eighteen claims of the '766 Patent. Although the specifications of the two patents may be the same, the principal legal and factual questions in the two cases are dependent upon the respective claims of the patents.

In making an infringement determination, a jury will need to apply the Court's construction of Claim 3 of the '558 Patent to the accused products. Separate and apart from the foregoing, a jury will need to apply the Court's separate construction of Claims 1-18 of the '766 Patent to the accused products. Because the claims of the patents are different, the infringement analyses may be different.

Similarly, because the claims of the two patents are different, there may be prior art that invalidates the claims of one of the patents but not of the other. Again, this analysis depends upon the respective scopes of the claims of the '558 and '766 Patents. That the two patents share the same specification does not homogenize the ultimate legal and factual issues.

## III. THE COURT IS CONCERNED THAT CONSOLIDATION COULD CAUSE DELAY IN LEVITON I.

The Court is concerned that consolidation may cause substantial delay in Leviton I. The Leviton I parties have exchanged disclosures, exchanged document productions, and conducted a

-8-

number of depositions. Further, in <u>Leviton I</u>, the deadline for discovery has passed. Additionally, the Court has held a <u>Markman</u> hearing in <u>Leviton I</u> and has now ruled on the claim construction. Many of those things has yet to occur in <u>Leviton II</u>. Consolidation here would inhibit the progression of <u>Leviton I</u>, which has already advanced to a considerable degree, while discovery and claim construction concerning <u>Leviton II</u>'s issues reach a similar state. That considered, the Court does not see how consolidation will further judicial economy, or avoid unnecessary costs and delay.

Because the Court finds that the principal legal and factual issues in <u>Leviton I</u> and <u>Leviton II</u> are different, because the Court concludes that consolidation would not further judicial economy, or avoid unnecessary costs and delay, and consistent with the Court's ruling at the hearing on this motion, <u>see</u> Transcript of Hearing at 9:16-18 (taken September 20, 2005), and the reasons given at the time of the hearing, <u>see id.</u> at 9:17-10:5, the Court will deny Levition's motion.

**IT IS ORDERED** that Leviton Manufacturing Co., Inc.'s Motion to Consolidate is denied without prejudice. <u>Leviton I</u> and <u>Leviton II</u> will not be consolidated at this time. The Court denies the motion without prejudice so that Leviton may renew its request to consolidate if developments in the cases demonstrate more fully than it appears now that consolidation of the cases or consolidation of the issues for trial could be beneficial to the parties and to the Court.

_____
UNITED STATES DISTRICT JUDGE

-9-

*Counsel:*

R.E. Thompson
Jason T. Gaskill
Modrall, Sperling, Roehl, Harris
  & Sisk, P.A.
Albuquerque, New Mexico

-- and --

Paul J. Sutton
Barry G. Magidoff
Joseph M. Manak
Brad S. Needleman
Joseph G. Lee
Greenberg Traurig, LLP
New York, New York

> *Attorneys for Plaintiff Leviton Manufacturing Company, Inc.*

Alberto A. Leon
Bauman Dow & Leon PC
Albuquerque, New Mexico

> *Attorney for Defendant Nicor, Inc.*

J. Douglas Foster
Foster & Rieder PC
Albuquerque, New Mexico

-- and --

David A. Rabin
Bryan G. Harrison
Tingkang Xia
Morris, Manning & Martin, LLP
Atlanta, Georgia

> *Attorneys for Defendant Zhejiang Dongzheng Electrical Co., Ltd.*

DeWitt M. Morgan

Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Anthony F. LoCicero
Michael P. Kenney
Amster Rothstein & Ebenstein LLP
New York, New York

-- and --

Mark J Rosenberg
Sills Cummis Epstein & Gross PC
New York, New York

> *Attorneys for Defendant Harbor Freight Tools USA, Inc. And Non-party Central Purchasing, LLC*