# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LEVITON MANUFACTURING CO., INC.,

       Plaintiff,

vs.                                                                     No. CIV 04-424 JB/LFG

NICOR, INC., d/b/a NICOR LIGHTING & FANS,

       Defendant,

-- and --

ZHEJIANG DONGZHENG ELECTRICAL CO., LTD.,

       Defendant/Intervenor.

                                                       Consolidated with:

LEVITON MANUFACTURING CO., INC.,

-- and --

       Plaintiff,

vs.                                                                     No. CIV 04-1295 JB/LFG

HARBOR FREIGHT TOOLS U.S.A., INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Leviton Manufacturing Co., Inc.'s Expedited

Motion for Change of Hearing Date, filed February 22, 2007 (Doc. 300)("Motion"). The Court held

a hearing on the motion on February 23, 2007. The primary issue is whether the Court should vacate

the hearing set for February 27, 2007 on the Defendants' Motion for Partial Summary Judgment of

Non-Infringement of Claim 3 of U.S. Pat. No. 6,246,558,  filed June 15, 2006 (Doc. 232)("Partial

Summary Judgment Motion"), because the attorney that Plaintiff Leviton Manufacturing Co., Inc.

wants to argue the motion has suffered recent health problems.  Because the Court concludes that

Leviton has shown good cause to vacate the hearing, and because the Court will try to accommodate

the Defendants' concern by giving the parties a backup setting on its trailing docket for the week of

March 12, 2007, the Court will grant Leviton's motion and vacate the February 27, 2007 hearing.

## PROCEDURAL BACKGROUND

This case is in its third year.  See Complaint for Patent Infringement, April 16, 2004 (Doc.

1).  The Defendants filed their Motion for Partial Summary Judgment before it was due under the

Scheduling Order.  See Partial Summary Judgment Motion;  Initial Pre-trial Report, filed December

16, 2004 (Doc. 74)(setting deadline of September 6, 2006).  Briefing on the Defendants' Motion for

Partial Summary Judgment was completed on October 11, 2006.  See Doc. 232; Leviton

Manufacturing Company, Inc.'s Opposition to Defendants' Partial Motion for Summary Judgement

of Non-infringement of Claim 3 of U.S. Pat. No. 6,246,558, filed September 26, 2006 (Doc. 252);

Reply Memorandum of Points and Authorities in Further Support of Defendants' Motion for

Summary Judgment of Non-infringement of Claim 3 of U.S. Pat. No. 6,246,558, filed October 11,

2006 (Doc. 260).  The Defendants did not file a Notice of Completion after filing their reply, see

D.N.M.LR-Civ. 7.3 ("[U]pon the completion of briefing, the movant must file and serve on each

party a Notice of Completion of Briefing"), and the Court was not aware that briefing was complete

until the Markman hearing in the 05–CV–301 case on January 8, 2007, see  Hearing Transcript at

114:6-25 (Court)(taken January 8, 2007). Following that Markman hearing, the parties worked

through a number of possible dates, overcoming many scheduling difficulties and finally settling on

the current date of February 27, 2007, for the hearing on the Defendants' partial summary judgment

motion.

The Court set the hearing on the Defendants' motion for Tuesday, February 27, 2007. See Notice of Hearing, filed January 18, 2007 (Doc. 298). Paul Sutton of the Greenberg Traurig, LLP firm represents that Leviton has asked him to present its argument at the hearing. See Motion at 2. Mr. Sutton submits that he has represented Leviton for more than 35 years. See id.

Mr. Sutton represents that he underwent surgery for melanoma the week of February 12, 2007. See id. The week of February 19, 2007, Mr. Sutton asserts, he developed an infection related to the surgery. See id. Mr. Sutton submits that, as a result, he is still under medication and experiencing a great deal of pain, which will interfere with his ability to properly and fully prepare for and present Leviton's argument on February 27, 2007. See id.

Leviton represents that it approached the Defendants to request a two-week postponement subject to the Court's availability. See id. Leviton asserts that, before indicating whether they would agree, the Defendants asked counsel for Leviton to contact the Court for available dates. See id. Leviton maintains that the Court's relief courtroom deputy, Juan Gonzales, informed counsel for Leviton that April 10 and 12, 2007, were the earliest available dates. See id.

Leviton submits that, when Leviton informed the Defendants of the Court's available dates, the Defendants requested further information regarding Mr. Sutton's medical condition, which Leviton provided. See Motion, Exhibit A, E-mail from Alberto Leon to Emil Kiehne (dated February 22, 2007); Motion, Exhibit A, E-mail from Emil Kiehne to Alberto Leon (dated February 22, 2007). Nevertheless, Leviton represents that the Defendants' counsel indicated that, while a two-week extension might be agreeable, they will not agree to a postponement of the hearing to either April 10 or April 12, 2007, despite Mr. Sutton's status. See id. Accordingly, Leviton requests that the Court

postpone the hearing date of February 27, 2007, to the earliest available court date. <u>See</u> <u>id.</u>  Leviton

requests that the Court reschedule the hearing on the Defendants' Motion for Partial Summary

Judgment. <u>See</u> <u>id.</u> at 1-2.

The Defendants have indicated that they oppose this motion. <u>See</u> <u>id.</u> at 2.  As a matter of

professional courtesy, all counsel for the Defendants would have been willing to extend the hearing

date by two weeks. <u>See</u> Response in Opposition to Plaintiff's Expedited Motion for Change of

Hearing Date at 2, filed February 23, 2007 (Doc. 302)("Response").  Leviton states that, because of

Mr. Sutton's condition, and because the hearing date is so close at hand, it is left with no choice but

to request that a telephonic hearing be scheduled for February 23, 2007.  Since Mr. Gonzales spoke

with Leviton's counsel, the Court has scheduled a trip to Las Cruces, New Mexico on April 10, 2007

to handle criminal matters and is no longer available to hear the Partial Summary Judgment Motion

on that date.

<u>**ANALYSIS**</u>

This situation is unfortunate.  Mr. Sutton's health problems were not expected and could not

have been avoided.  The Court and the Defendants understand Mr. Sutton's and his client's situation,

and the Defendants state that they would hope, if the circumstances were reversed, that the Plaintiffs

would be equally understanding. <u>See</u> <u>id.</u> at 2.  Because a continuation from Tuesday, February 27,

2007, however, entails a delay of at least seven weeks to April 10 or 12, 2007, the Defendants' clients

oppose the Expediated Motion for Change of Hearing Date. <u>See</u> <u>id.</u>  The Court understands that the

Defendants are eager to get their motion for partial summary judgment decided.  The Defendants

represent that every day that the case is pending causes them substantial economic harm. <u>See</u> <u>id.</u>  The

Defendants assert that, as evidenced by the early filing of their motion for summary judgment, they

desire to have this matter resolved as quickly as possible to remove the shadow of this litigation from their businesses. See id.

The Court is eager to decide the motion as well. Because of extensions of time, the Court was not aware that the Defendants had filed their reply, and the motion has been pending without a hearing longer than the Court prefers for such motions. The motion has been pending since June 15, 2006, and will appear on the Court's six-month list next month if the Court does not dispose of it by the end of the month. See Doc. 232.

Nevertheless, the Court cannot say that the passage of one more month will make a material difference in the resolution of this case. The Court handed down its claim construction decision on May 23, 2006. See Memorandum Opinion and Order, filed May 23, 2006 (Doc. 230). The parties took approximately four months to brief the motion for summary judgment. See Doc. 232; Doc. 252; Doc. 260. Also, the harm to the Defendants resulting from any delay is unclear, because Leviton has another patent infringement case against them involving a similar patent; thus any shadow for Leviton's claims will not be completely lifted even if the Court grants their motion. Based upon the timing pattern of the case so far, the Court believes that it is best to honor Leviton's request and reset the hearing.

The Court will set the hearing for the afternoon of April 12, 2007. The Court has a trailing docket set for the week of March 12, 2007 and, at the present, believes that it may have two trials that week. Nevertheless, in an effort to expedite consideration of this matter, the Court will also set a hearing on March 15, 2007, as a backup setting. As the parties get closer to that date and need to make arrangements, they may call Mr. Gonzales, and he will inform the parties of the status of the Court's trailing docket.

**IT IS ORDERED** that Leviton Manufacturing Inc., Co.'s Expedited Motion for Change of

Hearing Date is granted.  The hearing set for February 27, 2007 is vacated.  The Court sets a hearing

on the Defendants' motion for partial summary judgment for April 12, 2007, and a backup setting on

March 15, 2007.  As the parties get closer to the date of March 15, 2007, they should call the Court's

courtroom deputy clerk on this case, Juan Gonzales, and he will advise the parties of the status of the

Court's trailing docket that week.


_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

R.E. Thompson
Donald A. DeCandia
Emil J. Kiehne
Jason T. Gaskill
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

-- and --

Paul J. Sutton
Barry G. Magidoff
Deepro R. Mukerjee
Christopher B. Prescott
Joseph M. Manak
Joseph G. Lee
Brad S. Needleman
Michael A. Nicodema
Berry J. Schindler
Greenberg Traurig, LLP
New York, New York

*Attorneys for the Plaintiff*

Alberto A. Leon
Bauman, Dow & Leon, P.C.
Albuquerque, New Mexico

*Attorney for Defendant Nicor, Inc.*

J. Douglas Foster
Foster Johnson McDonald Lucero Koinis
Albuquerque, New Mexico

-- and --

Bryan G. Harrison
John P. Fry
David A Rabin
Tingkang Xia
Morris, Manning & Martin, LLP
Atlanta, Georgia

*Attorneys for Defendant/Intervenor*
  *Zhejiang Dongzheng Electrical, Co., Ltd.*

DeWitt M. Morgan
Rodey Dickason Sloan Akin & Robb, PA
Albuquerque, New Mexico

-- and --

Mark J. Rosenberg
Sills, Cummis, Epstein & Gross, P.C.
New York, New York

*Attorneys for Defendant Harbor Freight Tools USA, Inc.*